# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JULISSA LÓPEZ SANTIAGO,**

    **Plaintiff,**

    **v.**

**MED CENTRO, INC.; <u>ET AL.</u>,**

    **Defendants.**

**CIVIL NO. 23-1206 (PAD)**

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiff sued her former employer, Med Centro, Inc. ("Med Centro"), under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, <u>et seq</u>. ("ADA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq</u>. ("FLSA"), the U.S. Constitution, and Puerto Rico law (Docket No. 1).[1] Before the court is Med Centro's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 12).[2] For the reasons explained below, the motion is granted in part and denied in part, to dismiss the federal claims with prejudice and the state claims without prejudice.

---

[1] Specifically, Puerto Rico's General Discrimination Statute, Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 <u>et seq</u>. ("Law 100"); the Puerto Rico Whistleblower Act, Law 246 of 1989, P.R. Laws Ann. tit. 1, § 601; and the Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 3. <u>See</u>, Docket No. 1, p. 2.

[2] On October 19, 2023, plaintiff filed a putative response, arguing that because Med Centro filed the motion to dismiss "without submitting to the Court's jurisdiction," that supposedly created a jurisdictional issue that needed to be resolved before reaching the merits of the motion. <u>See</u>, Docket No. 9, p. 1. Med Centro filed a motion requesting that the court deem its motion to dismiss unopposed and dismiss the complaint accordingly (Docket No. 21). Plaintiff opposed, reaffirming her original position (Docket No. 22). Plaintiff's filings are superficial at best, and do not address the contents of defendant's motion, which challenges the sufficiency of the factual allegations of the complaint under Fed. R. Civ. P. 12(b)(6), and not the court's jurisdiction. All things considered, the motion at Docket No. 21 is NOTED. Thus, the court proceeds to evaluate the complaint under Rule 12(b)(6).

Case 3:23-cv-01206-PAD   Document 23   Filed 12/20/23   Page 2 of 9

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 2

## I. DISCUSSION

### A. Standard of Review.

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is appropriate when the complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. This standard demands more than an unadorned, the-defendant-unlawfully-harmed me accusation. Id. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Id. Likewise, naked assertions devoid of further factual enhancement are insufficient to avoid dismissal. Id. When well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but had not shown that the pleader is entitled to relief. Id. at 679.

### B. ADA.

Plaintiff alleges that she is a Clinical Psychologist with a Ph.D. and was employed in that capacity by Med Centro from July 8, 2015, until her termination on April 29, 2022 (Docket No. 1, ¶¶ 6, 12, 14, 50, 53). She asserts that she is obese due to a medical condition and that, during her employment, she was discriminated against and subjected to a hostile work environment because of her physical appearance. Id. at ¶¶ 13, 16, 19, 20, 21, 23, 26-29, 34, 42. Further, she states to have been a victim of retaliation for having complained about the hostile work environment related to discrimination based on her physical appearance. Id. at ¶¶ 24, 42, 52. All things considered, though, she did not lift her claims "across the line from conceivable to plausible." Iqbal, 556 U.S. at 681.

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 3

First, the ADA does not apply across the board to everyone, but only to covered entities, a term that it defines to include employers, employment agencies, labor organizations, and joint labor-management committees. See, 42 U.S.C. § 12111(2)(listing covered entities). To this effect, "employer" means "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Id. at § 12111(5)(A).[3] The complaint, however, is silent as to this issue, simply alleging that plaintiff worked at Med Centro from July 8, 2015, until her termination on April 29, 2022 (Docket No. 1, ¶¶ 6, 12, 14, 50). Without a link to a covered employer, plaintiff cannot plausibly state a claim under the ADA. See, Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006)(holding in context of Title VII, that the numerical qualification contained in the statute's definition of employer is an element of plaintiff's claim for relief); De Jesús v. LTT Card Services, Inc., 474 F.3d 16, 19 (1st Cir. 2007)(observing that the district court was correct in characterizing the 15-employee requirement as an issue of failure to state a claim under Rule 12(b)(6)); Adler v. Anchor Funding Services, LLC, 2011 WL 1843226, **3-4 (W.D. N.C. May 16, 2011)(dismissing ADA claim under Rule 12(b)(6) because pleadings did not show that defendant employed at least 15 employees during the relevant time period).

Second, the ADA prohibits employers from discriminating "against a qualified individual with a disability" with respect to hiring, firing, promotion, and other terms and conditions of employment. 42 U.S.C. § 12112(a). As well, it protects employees from disability-based hostile work environments and from retaliation for engaging in ADA-related protected activities. See, Murray v. Warren Pumps, LLC, 821 F.3d 77, 86 (1st Cir. 2016)(evaluating hostile work

---

[3] As used in the ADA, the term "employer," "mirrors" the definition of "employer set in Title VII of the Civil Rights Act of 1964. Smith v. Deitsch & Royer MD, Inc., 2000 WL 1707964, *2 (S.D. Ind. Aug. 23, 2000).

Case 3:23-cv-01206-PAD   Document 23   Filed 12/20/23   Page 4 of 9

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 4

environment claim under the ADA); Kelley v. Correctional Medical Services, Inc., 707 F. 3d 108, 115 (1st Cir. 2013)(same as to retaliation). The term "disability" means, with respect to an individual: (A) a physical or mental impairment that substantially limits one or more of the major activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

Congress has not defined the term "impairment." Richardson v. Chi. Transit Authority, 926 F.3d 881, 887 (7th Cir. 2019). In a regulation implementing the ADA, however, the Equal Employment Opportunity Commission defined "physical impairment" as: "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1). Obesity qualifies as an ADA impairment only "if it falls outside the normal range and it occurs as the result of a physiological disorder." Richardson, 926 F.3d at 890.[4]

The Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101 et seq. ("ADAAA"), "did not fundamentally alter the definition of 'impairment' or call into question the validity of prior judicial decisions holding that obesity, by itself, does not quality." Brownwood v. Wells Trucking, LLC, 2017 WL 9289453, *6 (D. Col. Nov. 9, 2017). More to the point, at the

---

[4] To the same effect, see, Morriss v. BNSF Ry. Co., 817 F.3d 1104, 112 (8th Cir. 2016)("[A]n individual's weight is generally a physical characteristic that qualifies as a physical impairment only if it falls outside the normal range and it occurs as the result of a physiological disorder"); E.E.O.C. v. Watkins Motor Lines, Inc., 463 F.3d 436, 443 (6th Cir. 2006)(observing that to constitute an ADA impairment, a person's obesity, even morbid obesity, must be the result of a physiological condition); Francis v. City of Meridien, 129 F.3d 281, 286 (2nd Cir. 1997)(pointing out that physical characteristics that are not the result of a physiological disorder are not considered impairments for the purposes of determining disability, and that "weight is not such an impairment"); Michaels v. Continental Reality Corp., 2011 WL 4479697, *3 (D. Md. Sept. 26, 2011)("[S]imply being overweight or obese has generally not been viewed as constituting a disability").

Case 3:23-cv-01206-PAD   Document 23   Filed 12/20/23   Page 5 of 9

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 5

time the ADAAA was passed, the only two circuit decisions addressing whether obesity, by itself, constitutes an impairment under the ADA had held that it does not. Id. (citing Watkins Motor Lines, 463 F.3d at 443, and Francis, 129 F.3d at 286). But Congress made no effort to revise the definition of impairment even if it could have done so. Id. In the absence of any clear indication in the ADA that Congress intended the definition of "impairment" to include physical characteristics not caused by a physiological condition or disorder, the court will not extend the ADA in this manner. In addition, to trigger the protections of the ADA, the impairment must "substantially limit[ ]" one or more of major life activities. Ramos-Echevarría v. Pichis, Inc., 659 F.3d 182, 187 (1st Cir. 2011).

From the general to the particular, plaintiff alleges that she is obese due to a medical condition (Docket No. 1). Yet, the complaint does not state what her weight was. Compare with, Cook v. State of R.I. Dept. of Mental Health, 10 F.3d 17, 20 (1st Cir. 1993)(plaintiff stood 5' 2" tall and weighed over 320 pounds); Goodman v. L.A. Weight Loss Centers, Inc., 2005 WL 241180, *1 (E.D. Pa. Feb. 1, 2005)(plaintiff weighed approximately 350 pounds at times relevant to complaint); Michaels, 2011 WL 4479697, at *1 (plaintiff weighed in excess of 400 pounds). Nor does the complaint say what physiological disorder caused the asserted obesity, and what major life conditions, if any, were affected by the purported impairment. See, Ramos-Echevarría, 659 F.3d at 188 ("Courts have required the plaintiff to specify the major life activity in which he claims to be substantially limited").

Furthermore, claiming that obesity stemmed from a medical condition does not meet the statutory requirement. See, Pérez v. Saint John's School, 814 F.Supp.2d 102, 117 (D.P.R. 2011)(noting that an impairment based only on a medical diagnosis or conclusory assertions by a physician are insufficient to show a disability for purposes of the ADA); 29 C.F.R. §

Case 3:23-cv-01206-PAD   Document 23   Filed 12/20/23   Page 6 of 9

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 6

1630.2(j)(acknowledging that the determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual). In the absence of factual allegations showing that plaintiff is disabled within the meaning of the ADA, the court cannot shield the ADA claims from dismissal without improperly assuming facts that have not been alleged. Hence, those claims must be dismissed. See, Dave v. Lanier, 681 F.Supp.2d 68, 75-76 (D.D.C. 2010)(dismissing ADA claims under Rule 12(b)(6) because the allegations failed to adequately state how the asserted impairments substantially limited a major life activity).

C. **FLSA**.

Plaintiff alleges that Med Centro violated the FLSA by withholding a non-discretionary employment bonus of $30,000 (Docket No. 1, ¶¶ 82-83). In general, the FLSA requires employers to, *inter alia*, pay non-exempt employees in accordance with applicable minimum wage rates, as well as overtime compensation at a rate of at least one and one-half times their regular rate of pay, for all hours worked in excess of a 40-hour workweek. See, 29 U.S.C. §§ 206-207 (laying out payment obligations).[5] Plaintiff is not stating that the employer failed to pay her minimum wage or overtime, but a bonus. This does not state a plausible claim for relief under the FLSA. As such, the FLSA clam must be dismissed.

D. **U.S. Constitution/Whistleblowing**.

Plaintiff alleges that Med Centro committed and/or conspired to commit retaliatory acts against her in violation of the First Amendment and the whistle blower laws of the United States

---

[5] The FLSA exempts from the overtime pay requirements employees who work in a "bona fide executive, administrative or professional capacity." 29 U.S.C. § 213(a)(1). Med Centro alleges that based on the complaint, as a Clinical Psychologist with a Ph.D. Degree and yearly compensation of $87,000 in salary, bonuses and benefits, plaintiff was an exempt professional employee (Docket No. 9, pp. 21-24). It is not necessary to make this determination to dispose of the FLSA claim.

Case 3:23-cv-01206-PAD   Document 23   Filed 12/20/23   Page 7 of 9

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 7

(Docket No. 1, ¶ 73). The U.S. Constitution only protects "against government action." Rosario v. U.S., 538 F.Supp.2d 480, 494 n. 10 (D.P.R. 2008); JOHN E. NOWAK & HAROLD D. ROTUNDA, CONSTITUTIONAL LAW § 10.4 (7th ed.)("[T]he Bill of Rights acts as a check only on the actions of the federal government. Moreover, the provisions of the body of the Constitution that protect individual rights are limited expressly in their application to actions of either the federal or state governments"). There are no allegations that Med Centro was in any way a government actor.[6] Moreover, the Whistleblower Protection Act of 1989, 5 U.S.C § 2302(b)(8)-(9), applies to federal employees, which from the complaint, plaintiff was not. Id. The allegations do not state a plausible claim for relief under the First Amendment or the federal whistle blower statute. By extension, those claims must be dismissed.

E. **COBRA**.[7]

Plaintiff alleges that Med Centro owes her COBRA employer payments since they were immediately terminated on the dismissal date (Docket No. 1, ¶¶ 66, 79). COBRA requires employers "to give employees the opportunity to continue health care coverage for a specified period of time after a 'qualifying event,' at the employee's expense." Torres-Negrón v. Merck & Company, Inc., 488 F.3d 34, 45 (1st Cir. 2007). Termination of employment is considered a qualifying event. Id. Further, COBRA requires employers to notify health care plan administrators of the termination within 30 days of the qualifying event. Id. Thereafter, plan administrators have fourteen days to notify the qualified beneficiary of her right to continue coverage. Id. Under

---

[6] Relatedly, the complaint states that the action arises in part under the First, Fourth, Fifth, Tenth, and Fourteenth Amendments to the U.S. Constitution (Docket No. 1, ¶ 1). Apart from the fact that the complaint is devoid of factual allegations indicative that Med Centro is a state actor, they are entirely devoid of substance to state a plausible claim for relief under these federal constitutional provisions.

[7] COBRA stands for Consolidated Budget Reconciliation Act of 1986, Pub. L. No. 99-272, 100 Stat. 227-32 (codified as amended at 29 U.S.C. §§ 1161-1168).

Case 3:23-cv-01206-PAD   Document 23   Filed 12/20/23   Page 8 of 9

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 8

COBRA, the employer does not owe a former employee money to pay for continuation health care coverage,[8] and plaintiff does not complain that Med Centro failed to comply with the obligations set by the statute. In these conditions, the allegations fail to state a plausible claim for relief under COBRA. For the same reason, the claim must be dismissed.

### F. Puerto Rico Claims.

Plaintiff alleges that Med Centro: violated the Puerto Rico whistle blower statute; tortiously interfered with her patients; published false information about her; failed to send invoices for plaintiff's mental health services under her National Provider Identification Number during the 13-month period preceding her termination, and as a result, Medicare inactivated the number due to Med Centro's fault, which prevented her from invoicing Medicare patients, leading to an estimated yearly loss of $2.5 million; owes her a productivity performance bonus of not less than $30,000, accumulated vacation, and COBRA payments; and is liable for damages under the Puerto Rico Civil Code of 2020 (Docket No. 1, ¶¶ 54-60, 64-66, 73, 79, 82, 85). These claims will be dismissed, albeit without prejudice, to allow plaintiff to pursue them in Puerto Rico courts.[9]

---

[8] The employer may agree to make those payments, but that is a question of contract, not COBRA.

[9] Plaintiff argues that the Puerto Rico Department of Labor and Human Resources concluded that her termination had been without just cause and because that determination was not appealed, it is res judicata or operates as issue preclusion here (Docket No. 1, ¶¶ 53, 88). Med Centro takes issue with that proposition relying on Acevedo v. Western Digital Caribe, 140 P.R. Dec. 452 (1996) and federal caselaw (Docket No. 9, pp. 24-28). Whether the local agency's conclusion has the effect plaintiff advocates for has no bearing on the questions addressed in this Opinion and Order. That matter may be raised in Puerto Rico courts in the event plaintiff pursues local claims in state court.

Case 3:23-cv-01206-PAD   Document 23   Filed 12/20/23   Page 9 of 9

López-Santiago v. Med Centro, Inc.; et al.
Civil No. 23-1206 (PAD)
Opinion and Order
Page 9

## II.   CONCLUSION

For the reasons stated, Med Centro's motion to dismiss (Docket No. 9) is GRANTED IN PART and DENIED IN PART, to dismiss the federal claims with prejudice and the state claims without prejudice.  Judgment shall be entered accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico, this 20th day of December, 2023.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge